AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)     ☐ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California



LODGED
CLERK, U.S. DISTRICT COURT
8/15/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___jb___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
August 15, 2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CLD___ DEPUTY

United States of America

v.

Christian Anthony CUPP and Faith CUPP,

Defendants

Case No. 2:25-mj-05050-duty

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of August 14, 2025 in the county of Los Angeles in the Central District of California, the defendants violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession With Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Christopher Sinclair
*Complainant's signature*

Christopher Sinclair, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: August 15, 2025

*Judge's signature*

City and state: Los Angeles, California

Hon. Alka Sagar, U.S. Magistrate Judge
*Printed name and title*

AUSA: Thi Hoang Ho (x0596)

**AFFIDAVIT**

I, Christopher Sinclair, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrants for Christian Anthony CUPP ("C. CUPP") and Faith CUPP ("F. CUPP") for a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute a controlled substance).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF SPECIAL AGENT CHRISTOPHER SINCLAIR

3. I am a Special Agent ("SA") with the Drug Enforcement Administration ("DEA") and have been so employed since April 2020. I am currently assigned to the DEA's High Intensity Drug Trafficking Area Group 42, which investigates large-scale drug trafficking organizations.

4. During my time with the DEA, I have received 640 hours of narcotics law enforcement training while attending the DEA Basic Agent Training at the DEA Academy in Quantico, Virginia.

5. I have investigated drug trafficking and drug trafficking organizations. These investigations involved (1) the unlawful importation, exportation, manufacture, possession with intent to distribute, and distribution of drugs (including cocaine, heroin, fentanyl, methamphetamine, and marijuana); (2) the laundering of drug proceeds and monetary instruments derived from drug trafficking activities; and (3) conspiracies to traffic controlled substances. I am familiar with the methods drug traffickers use to conceal profits and launder proceeds of narcotics transactions. I am also experienced in the use of tracking devices, conducting surveillance, interviewing witnesses, writing affidavits for and participating in the execution of search warrants, and working with undercover agents, cooperating defendants, and confidential sources.

### III. SUMMARY OF PROBABLE CAUSE

6. On August 14, 2025, Burbank Police Department ("BPD") officers conducted a welfare check on C. CUPP and F. CUPP, who were seated inside a car. Upon approaching the vehicle, BPD officers observed drug paraphernalia in plain view and the two occupants slumped over and unresponsive within the car. BPD officers conducted a search of the car following a probable cause arrest and found approximately 50 pounds of methamphetamine, a kilogram of fentanyl, a kilogram of heroin, and a loaded firearm.

## IV. STATEMENT OF PROBABLE CAUSE

**A.   BPD Officers Encountered C. CUPP and F. CUPP Slumped Over in Their Car**

7.   Based on my review of law enforcement reports, conversations with other law enforcement officers, review of BPD video footage, and my own knowledge of the investigation, I am aware of the following:

   a.   On August 14, 2025, at approximately 2:11 a.m., uniformed BPD Officer Rory Timlin ("Officer Timlin") and Detective Miguel Camarena ("Detective Camarena") were working patrol near the intersection of Burbank Boulevard and San Fernando Boulevard in Burbank, California. Officer Timlin and Detective Camarena saw a silver Mercedes Benz C300 (the "Silver Mercedes"), bearing California license plate no. 9TNR157, parked at the gas pump of the 76 gas station, located at 901 North San Fernando Boulevard, Burbank, California. Officer Timlin and Detective Camarena saw the vehicle had one male, later identified as C. CUPP, sitting in the driver's seat and not moving. Officer Timlin and Detective Camarena watched the silver Mercedes for approximately one traffic light cycle and observed no movement.

   b.   Officer Timlin and Detective Camarena entered the gas station parking lot to conduct a welfare check given that they saw no movement from the occupants in the Silver Mercedes. Officer Timlin positioned the marked BPD patrol car behind the Silver Mercedes. Officer Timlin observed C. CUPP in the driver's seat slumped over, apparently passed out. Officer

3

Timlin also observed a black bag sitting on C. CUPP's lap. Officer Timlin saw a female, later identified as F. CUPP, in the front passenger seat, also passed out.

      c. To avoid the possibility of the occupants waking up and trying to drive away, Officer Timlin and Detective Camarena requested additional BPD units to block the front of the Silver Mercedes. At this time, Sergeant Neil Gunn ("Sergeant Gunn") blocked the Silver Mercedes using his marked patrol car. Sergeant Gunn walked up to the Silver Mercedes passenger side and observed an open glovebox. Inside the open glovebox, Sergeant Gunn observed an open plastic box containing a burnt glass pipe with a bulbous end. Based on Sergeant Gunn's training and experience, he believed the pipe was used to smoke methamphetamine, a violation of California Health and Safety Code § 11364(a).

      d. As additional BPD officers arrived at the gas station, Officer Timlin began knocking on the window, announcing "Police." After a short period, C. CUPP woke up and opened the door to the silver Mercedes. C. CUPP stepped out of the silver Mercedes and removed a black bag from his lap and placed it on the driver's seat. Officer Timlin detained C. CUPP, placed him in handcuffs, and moved him to the back seat of the patrol car.

      e. During this time, Officer Sal Robles ("Officer Robles") instructed F. CUPP to exit the Silver Mercedes. Officer Robles detained F. CUPP, placed her in handcuffs, and placed her in the back seat of a BPD patrol car.

**B.    Search of the Silver Mercedes Yielded Drugs and a Firearm**

8.    Based on officers' observation of the glass pipe in plain view and C. CUPP and F. CUPP slumped over in the vehicle, appearing to be passed out from drugs and/or alcohol, officers conducted a probable cause search of the vehicle.  The following items were found within the vehicle:

a.    In the open glovebox, Sergeant Gunn seized a glass pipe, consistent with drug paraphernalia used to smoke methamphetamine, a violation of California Health and Safety Code § 11364(s).

b.    In a small black bag on the driver's seat, which officers saw C. CUPP place there from where it had been laying on his lap, Detective Camarena seized a loaded pistol, bearing no serial number, with a loaded magazine, a violation of California Penal Code § 25400(a)(1).

c.    Detective Camarena also seized from the small black bag two vials containing a white powder-like substance, believed to be cocaine, in violation of California Health and Safety Code § 11350(a).

d.    In the backseat, Detective Camarena seized eight green cellophane wrapped bundles/bricks, weighing approximately 40 pounds, of suspected methamphetamine from a black duffle bag.

e.    Detective Camarena also seized from the black duffle bag a white vacuumed-sealed brick, with the markings "L-50", weighing approximately one kilogram, containing a substance believed to be fentanyl.

      f.    Detective Camarena also seized a cellophane package wrapped in brown tape, believed to be heroin, from the black duffle bag.

      g.    In the trunk, Officer Timlin seized two green cellophane wrapped bundles/bricks, weighting approximately 10 pounds, of suspected methamphetamine from a Walmart grocery bag. Additionally, Officer Timlin seized a large capacity magazine, i.e. a magazine capable of accepting 15 or more rounds of ammunition, and a box of ammunition.

9.    In addition to the to the above items, officers also seized two large bins containing packaging material and a heat sealer and six Apple iPhones.

10.    Based on my training and experience, I believe the above items are, in fact, illegal drugs. The presence of drug paraphernalia in plain view, C. CUPP and F. CUPP slumped over and initially unresponsive--consistent with a person who recently ingested methamphetamine--and the use of cellophane to conceal/mask the drugs is consistent with drug users and drug trafficking activity.

    **C.**    **Mirandized Interview**

11.    Following the arrest, Officer Timlin read C. CUPP his Miranda Rights, and C. CUPP acknowledged he understood his rights. Officer Timlin asked C. CUPP which iPhone belonged to him. C. CUPP said the red iPhone with the wallet case and the small black iPhone belonged to him. C. CUPP said the pink iPhone belonged to F. CUPP. Officer Timlin asked C. CUPP several

questions regarding the items found in the silver Mercedes. C. CUPP asked to speak to a lawyer and the interview concluded.

12. Detective Camarena read F. CUPP her Miranda Rights, and she acknowledged she understood her rights. Detective Camarena asked F. CUPP several questions regarding the items found in the silver Mercedes. F. CUPP asked to speak to a lawyer and the interview was concluded.

## V. CONCLUSION

13. For all of the reasons described above, there is probable cause to believe that C. CUPP and F. CUPP have committed a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute a controlled substance).

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __15th__ day of
August, 2025.


_____
HONORABLE ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE